FILED

2006 DEC -6 IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE MANNING
MAGISTRATE JUDGE DENLOW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 04 CR 1001 |
| ) | |
| v. ) | Violations: Title 21, United States |
| ) | Code, Sections 841(a)(1) and 846, |
| CARLOS RODRIGUEZ, ) | and Title 18, United States Code, |
| a/k/a "Adam Rivas-Nunez," ) | Sections 922(g)(5)(A), 924(c) and |
| a/k/a "Jose Moreno," ) | 2 |
| VICTOR H. VAZQUEZ, ) | |
| CARLOS VELAZQUEZ-SALGADO, ) | First Superseding Indictment |
| a/k/a "Carlitos," ) | |
| a/k/a "Chino," ) | Judge Blanche M. Manning |
| a/k/a "Sidronio Casarrubius" ) | |
| ROSALBA JAURER-CADENA, ) | |
| a/k/a "Flaca," ) | |
| a/k/a "Rosalva Jaurer-Cadena," ) | |
| a/k/a "Cecilia Soto," ) | |
| a/k/a "Jeannette Rodriguez," ) | |
| PAMELA ALEJANDRA JAURER, ) | |
| GABRIELA JAURER, ) | |
| a/k/a "Elizabeth Flores" ) | |
| HUGO JIMMY RAMONES, ) | |
| MICHAEL J. TULLY, ) | |
| ABEL ALEXANDER URIZAR-CANSINO ) | |

RECEIVED
AUG 1 8 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL FEBRUARY 2005-2 GRAND JURY charges:

Starting no later than in or about April 2004, and continuing to on or about August 17, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CARLOS RODRIGUEZ,
a/k/a "Adam Rivas-Nunez,"
a/k/a "Jose Moreno,"
VICTOR H. VAZQUEZ,

CARLOS VELAZQUEZ-SALGADO,
a/k/a "Carlitos,"
a/k/a "Chino,"
a/k/a "Sidronio Casarrubius"
ROSALBA JAURER-CADENA,
a/k/a "Flaca,"
a/k/a "Rosalva Jaurer-Cadena,"
a/k/a "Cecilia Soto,"
a/k/a "Jeannette Rodriguez,"
PAMELA ALEJANDRA JAURER,
GABRIELA JAURER,
a/k/a "Elizabeth Flores"
HUGO JIMMY RAMONES,
MICHAEL J. TULLY, and
ABEL ALEXANDER URIZAR-CANSINO,

defendants herein, conspired with each other, and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and to distribute a controlled substance, namely, in excess of five kilograms of mixtures containing cocaine, a Schedule II Narcotic Controlled Substance, and in excess of one kilogram of mixtures containing heroin, a Schedule I Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1);

1. It was part of the conspiracy that JAURER-CADENA and VELAZQUEZ-SALGADO arranged to have shipments of cocaine, totaling in excess of 70 kilograms, shipped from Mexico into the Chicago area on an ongoing basis during the course of the charged conspiracy.

2. It was further part of the conspiracy that JAURER-CADENA and VELAZQUEZ-SALGADO arranged to have shipments of heroin totaling in excess of 3

DEC 06 2006 07:10 FR TO 94645576 P.04
DEC 04 '05 11:23 FR 05/05/2015
Case 2:06-mj-00788-GWF-GWF   Document 2   Filed 12/07/06   Page 3 of 14

2:06-mj-788-GWF

kilograms, shipped from Mexico into the United States on at least one occasion during the course of the charged conspiracy.

3. It was further part of the conspiracy that VELAZQUEZ-SALGADO and members of his drug trafficking organization purchased approximately 20 automobiles (typically luxury sport utility vehicles ("SUVs")) from a car dealership known as American Car Exchange ("American") with cash that represented the proceeds of VELAZQUEZ-SALGADO's narcotics trafficking activities, namely the distribution of kilogram quantities of cocaine and heroin. Some of these automobiles were used by co-conspirators to smuggle multi-kilogram loads of cocaine and heroin into the United States and Chicago from Mexico.

4. It was further part of the conspiracy that VELAZQUEZ-SALGADO agreed with Hossein Obaei (the owner of American) that Obaei would fraudulently maintained liens on the majority of the approximately 20 vehicles sold to VELAZQUEZ-SALGADO, and members of his narcotics trafficking organization, in order to assist VELAZQUEZ-SALGADO in retrieving those vehicles from federal or local law enforcement in the event those vehicles were seized. Hossein Obaei maintained these liens even though the vehicles had been paid for in full with cash and American did not hold a legitimate security interest in the vehicles.

5. It was further part of the conspiracy that, on July 5, 2004, an individual driving a 2003 Toyota 4-runner SUV, purchased by VELAZQUEZ-SALGADO at American, attempted to cross the international border between Mexico and Texas at the direction of

3

DEC 06 2006 22:10 FR  DEC 04 06 11:35 FR  Case 2:06-mj-00788-GWF-GWF   Document 2   Filed 12/07/06   Page 4 of 14   TO 94645576   P.05

2:06-mj-788-GWF

VELAZQUEZ-SALGADO with approximately 40 kilograms of cocaine secreted in a hidden compartment in the vehicle. This vehicle was seized by the DEA as it attempted to cross the border.

6. It was further part of the conspiracy that, on November 20, 2004, defendants PAMELA-JAURER, GABRIELA JAURER, and Jose Reyna-Delgado, members of the VELAZQUEZ-SALGADO drug trafficking organization, attempted to smuggle approximately 3.5 kilograms of heroin across the international border between Mexico and Texas in an Infiniti QX-56 SUV. The 3.5 kilograms of heroin was secreted in a hidden compartment in the vehicle. The Infiniti QX-56 had been purchased by a member of VELAZQUEZ-SALGADO's drug trafficking organization at American. This vehicle was seized by the DEA as it attempted to cross the border.

7. It was further part of the conspiracy, that JAURER-CADENA maintained a drug and money stash house on Drake Avenue on the North side of Chicago, Illinois. On November 16, 2004, the DEA seized approximately 11 kilograms of cocaine and $60,503 in cash, among other items, in drug and money stash house.

8. It was further part of the conspiracy that an individual driving a Nissan Armada SUV attempted to deliver approximately 21 kilograms of cocaine to the stash house. The approximately 21 kilograms of cocaine were welded into the frame of the Nissan Armada, which was purchased at American by VELAZQUEZ-SALGADO, in the name of a nominee, on or about September 13, 2004. VELAZQUEZ-SALGADO paid for the vehicle in full with

4

cash. Defendant ABEL URIZAR-CANSINO was present at the stash house on November 16, 2004, to remove the 21 kilograms of cocaine from the frame of the Nissan Armada.

9. It was further part of the conspiracy that Hossein Obaei, on behalf of American as the purported lien holder on the Nissan Armada, provided VELAZQUEZ-SALGADO with a notarized letter authorizing the vehicle to travel to and from Mexico between September 15, 2004, and November 15, 2004. Hossein Obaei provided this letter to VELAZQUEZ-SALGADO in order to facilitate VELAZQUEZ-SALGADO's narcotics trafficking activities, that is, the smuggling of multi-kilogram quantities of cocaine and heroin from Mexico into the United States.

10. It was further part of the conspiracy that on or about August 17, 2005, defendants CARLOS VELAZQUEZ-SALGADO, ROSALBA-JAURER-CADENA, PAMELA JAURER, and HUGO JIMMY RAMONES placed approximately $52,000 in narcotics proceeds inside of heat sealed plastic bags containing laundry detergent, and then secreted the heat sealed plastic bags inside of a hidden compartment located within an Infiniti sedan. On August 17, 2005, the DEA searched a detached garage located at 2648 North Merrimac in Chicago, Illinois and recovered the approximately $52,000 from the hidden compartment in the Infiniti sedan.

11. It was further part of the conspiracy that defendants CARLOS VELAZQUEZ-SALGADO, ROSALABA JAURER-CADENA, PAMELA JAURER, and GABRIELA JAURER maintained a drug and money stash house at 2648 North Merrimac in Chicago, and

these defendants resided at the stash house at various times during the charged conspiracy. On August 17, 2005, the DEA executed a search warrant at this residence and seized approximately $40,000 located inside the bed-post of a bed shared by JAURER-CADENA and VELAZQUEZ-SALGADO, and a stolen .45 caliber Colt semi-automatic pistol, serial number 01680N70, underneath the mattress of that bed. On this same day, JAURER-CADENA attempted to remove approximately $20,000 in narcotics proceeds from 2648 North Merrimac and deliver those proceeds to another co-conspirator.

11. It was further part of the charged conspiracy that defendants CARLOS VELAZQUEZ-SALGADO, ROSALABA JAURER-CADENA, PAMELA JAURER, and GABRIELA JAURER maintained a video surveillance system at 2648 North Merrimac in order to protect their narcotics and narcotics proceeds and to check for law enforcement activity in the vicinity of this residence. These defendants also maintained a money counter and sophisticated heat sealing system at 2648 North Merrimac in order to facilitate their narcotics trafficking operation.

12. It was further part of the conspiracy that on or about August 17, 2005, defendants CARLOS VELAZQUEZ-SALGADO, ROSALBA-JAURER-CADENA, and HUGO JIMMY RAMONES knowingly possessed with intent to distribute in excess of 500 grams of cocaine.

13. It was further part of the conspiracy that defendants and other co-conspirators concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden,

the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy to avoid detection and apprehension by law enforcement authorities.

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT TWO

The SPECIAL FEBRUARY 2005-2 GRAND JURY further charges:

On or about November 16, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

>    CARLOS RODRIGUEZ,
>    a/k/a "Adam Rivas-Nunez,"
>    a/k/a "Jose Moreno," and
>    VICTOR H. VAZQUEZ,
>    ROSALBA JAURER-CADENA,
>    a/k/a "Flaca,"
>    a/k/a "Rosalva Jaurer-Cadena,"
>    a/k/a "Cecilia Soto,"
>    a/k/a "Jeannette Rodriguez," and
>    ABEL ALEXANDER URIZAR-CANSINO,

defendants herein, knowingly and intentionally possessed, with intent to distribute, a controlled substance, namely, approximately eleven kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THREE

The SPECIAL FEBRUARY 2005-2 GRAND JURY further charges:

On or about November 16, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

> CARLOS VELAZQUEZ-SALGADO,
> a/k/a "Carlitos,"
> a/k/a "Chino,"
> a/k/a "Sidronio Casarrubius,"
> ROSALBA JAURER-CADENA,
> a/k/a "Flaca,"
> a/k/a "Rosalva Jaurer-Cadena,"
> a/k/a "Cecilia Soto,"
> a/k/a "Jeannette Rodriguez," and
> ABEL ALEXANDER URIZAR-CANSINO,

defendants herein, knowingly and intentionally possessed, with intent to distribute, a controlled substance, namely, approximately twenty-one kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance,

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2005-2 GRAND JURY further charges:

On or about August 17, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

>      CARLOS VELAZQUEZ-SALGADO,
>           a/k/a "Carlitos,"
>           a/k/a "Chino,"
>           a/k/a "Sidronio Casarrubius," and
>      ROSALBA JAURER-CADENA,
>           a/k/a "Flaca,"
>           a/k/a "Rosalva Jaurer-Cadena,"
>           a/k/a "Cecilia Soto,"
>           a/k/a "Jeannette Rodriguez," and
>      HUGO JIMMY RAMONES,

defendants herein, knowingly and intentionally possessed, with intent to distribute, a controlled substance, namely, in excess of 500 grams of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance,

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIVE

The SPECIAL FEBRUARY 2005-2 GRAND JURY further charges:

On or about August 17, 2005, in the Northern District of Illinois, Eastern Division,

CARLOS VELAZQUEZ-SALGADO,
a/k/a "Carlitos,"
a/k/a "Chino,"
a/k/a "Sidronio Casarrubius," and
ROSALBA JAURER-CADENA,
a/k/a "Flaca,"
a/k/a "Rosalva Jaurer-Cadena,"
a/k/a "Cecilia Soto,"
a/k/a "Jeanette Rodriguez,"

defendants herein, aliens who are illegally and unlawfully in the United States, knowingly possessed a firearm in or affecting interstate commerce, namely a .45 caliber Colt semi-automatic pistol, serial number 01680N70, in that the firearm had traveled in interstate commerce prior to defendants' possession of the firearm;

In violation of Title 18, United States Code, Section 922(g)(5)(A).

11

DEC 06 2006 07:16 FR
DEC 24 '05 11:05 Case 2:06-mj-00788-GWF-GWF   Document 2   Filed 12/07/06   Page 12 of 14   TO 84645576   P.13

2:06-mj-788-GWF

## COUNT SIX

The SPECIAL FEBRUARY 2005-2 GRAND JURY further charges:

On or about August 17, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

### HUGO JIMMY RAMONES,

defendant herein, knowingly and intentionally possessed, with intent to distribute, a controlled substance, namely, approximately 35 grams of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance,

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

DEC 06 2006 17:11 FR
DEC 04 '06 4:05 MJ 00788 GW
Case 2:06-mj-00788-GWF-GWF   Document 2   Filed 12/07/06   Page 13 of 14
TO 94645576   P.14

2:06-mj-788-GWF

## COUNT SEVEN

The SPECIAL FEBRUARY 2005-2 GRAND JURY further charges:

On or about August 17, 2005, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division.

### HUGO JIMMY RAMONES,

defendant herein, knowingly possessed two firearms, namely (1) a loaded .9 millimeter Beretta semi-automatic pistol bearing serial number BER 121445; and (2) a loaded .9 millimeter Caltech, luger model, semi-automatic pistol without a visible serial number, in furtherance of, and carried that firearm during and in relation to, a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841, as more fully set forth in Count Six of this indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2005-2 GRAND JURY further charges:

1. The allegations of Counts One, Two, and Three of this Superseding Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture to the United States pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of their violations of Title 21, United States Code, Sections 841(a)(:), and 846, as alleged in the foregoing Indictment, CARLOS RODRIGUEZ,

a/k/a "Adam Rivas-Nunez,"
a/k/a "Jose Moreno,"
VICTOR H. VAZQUEZ,
CARLOS VELAZQUEZ-SALGADO,
a/k/a "Carlitos,"
a/k/a "Chino,"
a/k/a "Sidronio Casarrubius"
ROSALBA JAURER-CADENA,
a/k/a "Flaca,"
a/k/a "Rosalva Jaurer-Cadena,"
a/k/a "Cecilia Soto,"
a/k/a "Jeannette Rodriguez,"
PAMELA ALEJANDRA JAURER,
GABRIELA JAURER,
a/k/a "Elizabeth Flores"
HUGO JIMMY RAMONES,
MICHAEL TULLY, and
ABEL ALEXANDER URIZAR-CANSINO,

defendants herein, shall forfeit to the United States of America, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2): (1) any and all property constituting or derived from any proceeds the defendants obtained, directly and indirectly, as a result of